IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT ALLEN FAY,** | : | No. 3:12cv627 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **UGI UTILITIES/CENTRAL PENN GAS,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Defendant UGI Utilities/Central Penn Gas moves to dismiss and to strike Plaintiff Scott Allen Fay's fifteen count complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f). The matter is fully briefed and ripe for disposition. For the following reasons, the court will dismiss the complaint.

**Background**

Plaintiff Scott Allen Fay (hereinafter "plaintiff") filed the instant complaint against Defendant UGI Utilities/Central Penn Gas (hereinafter "defendant") in this court on April 5, 2012. (Doc. 1, Compl.). This case arises from plaintiff's allegations that defendant's natural gas storage operations violate his property rights.

Plaintiff owns a plot of real property in Tioga County, Pennsylvania. (Id. ¶¶ 1, 6; Doc. 1-2, Ex. A, Quitclaim Deed). Plaintiff owns one-half of the oil, gas and mineral rights of his Tioga County property, and FayViard, Inc. owns the remaining one-half interest in the property's gas and mineral rights. (Doc. 1, Compl. ¶ 7). Defendant is in the business of selling natural gas to the general public, and it operates natural gas storage facilities in the vicinity of

plaintiff's property in Tioga County.  (Id. ¶ 2).  Defendant is specifically alleged to own and operate two underground natural gas storage fields in Tioga County, Pennsylvania.  (Id. ¶ 8).  The first filed is known in the industry as the "Tioga Field" and the second field is known as the "Meeker Field."  (Id. ¶¶ 9-12).  Plaintiff alleges that defendant has stored natural gas under plaintiff's real property as well as under the properties adjacent to plaintiff's property.  (Id. ¶¶ 13-16).

Plaintiff further alleges that the "buffer zone" of one or more of defendant's underground storage facilities encompasses all or part of plaintiff's property.  (Id. ¶ 21).  Buffer zones are imposed by law and encompass the area around natural gas storage fields.  (Id. ¶¶ 17-18).  It is not commercially practical to extract natural gas from land within the buffer zone because any such extraction would involve a significant danger of interfering with the underground natural gas storage facility.  (Id. ¶¶ 19-20).

Defendant's underground natural gas storage operation and associated buffer zones prevent plaintiff from entering into a commercially reasonable lease for the exploration, extraction, collection, removal, transportation or storage of natural gas on or under plaintiff's property.  (Id. ¶¶ 22-23).  Plaintiff further contends that defendant's gas storage operations have resulted in serious chemical and heavy metal contamination, including contamination of plaintiff's groundwater supply.  (Id. ¶¶ 24-25).

Based upon these factual averments, plaintiff asserts the following fifteen counts in the complaint: Count I-Trespass (Direct Storage); Count II-

Trespass (Buffer Zone); Count III-Unjust Enrichment (Direct Storage); Count IV-Unjust Enrichment (Buffer Zone); Count V-Conversion (Direct Storage); Count VI-Conversion (Buffer Zone); Count VII-Chemical Trespass; Count VIII-Nuisance; Count IX-Negligence (Res Ipsa Loquitur); Count X-Negligence Per Se; Count XI-Strict Liability for Contamination; Count XII-Duty to Restore or Replace; Count XIII-Taking (Pennsylvania Constitution); Count XIV-Taking (United States Constitution); Count XV-Denial of Right to Clean Air and Pure Water (Pennsylvania Constitution). Defendant responded to plaintiff's complaint with a motion filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f), bringing this case to its current posture.

**Jurisdiction**

Because Count XIV of plaintiff's complaint asserts a cause of action for "taking" under the United States Constitution, plaintiff invokes this court's federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

As noted above, defendant bases its motion on several different rules of civil procedure. The court will address only the issues raised pursuant to Rule 12(b)(1) as the court finds it to be dispositive of the entire case. Rule 12(b)(1) mandates dismissal of the complaint when the court "lack[s] subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). Defendant claims that plaintiff's only federal cause of action is not ripe. Ripeness affects justiciability; therefore,

3

when a claim is unripe it should be dismissed pursuant to Rule 12(b)(1). See Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993).

In determining whether the court has subject-matter jurisdiction, the court must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (internal quotatuion omitted). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" Turicentro v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). A facial attack serves to "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id. If the attack is factual, the court "accords plaintiff's allegations no presumption of truth. In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. Because the parties have not submitted evidence outside of the complaint, the court will treat the defendant's motion as a facial attack and consider the complaint's allegations as true and in the light most favorable to the plaintiff.

**Discussion**

Plaintiff asserts this court's federal question jurisdiction. Defendant, however, points out that only one of plaintiff's causes of action is based upon federal law, Count XIV-Taking (United States Constitution). Defendant argues that this claim should be dismissed because it is not ripe. Without this claim, no basis for federal district court jurisdiction exists, and the complaint

should be dismissed for lack of subject matter jurisdiction. After a careful review, we agree with the defendant.

Under the Fifth Amendment to the United States Constitution, the government may not take private property for public use without paying just compensation to the property owners. U.S. CONST. amend. V.[1] This Amendment requires that when the government takes property for public use "a 'reasonable, certain and adequate provision for obtaining compensation' exist at the time of the taking." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985) (quoting Reg'l Rail Reorganization Act Cases, 419 U.S. 102, 124-25 (1974)). If no such procedure exists, then an aggrieved property owner may file suit to recover under the Fifth Amendment. Where, however, a State *does* have a procedure for awarding compensation for a taking, a plaintiff must first seek compensation through that State procedure prior to asserting a federal Constitutional claim. See id. "If the government has provided an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the Government for a taking." Id. at 194-95. (internal citation and quotation marks omitted).

The United States Supreme Court explained this area of the law in Williamson, supra, where the owner of a tract of land sought to develop it as a residential subdivision. Id. at 175. He sued in the United States District Court

---

[1] The Fifth Amendment's protection applies to the states under the Fourteenth Amendment. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 175 n.1 (1985).

claiming that the application of various zoning laws and regulations to his property by Williamson County, Tennessee, amounted to a Fifth Amendment "taking." Id. The jury found in the property owner's favor and awarded him $350,000 as "just compensation" for the taking. Id. The district court granted a judgment notwithstanding the verdict, but the Sixth Circuit Court of Appeals reinstated the verdict. Id. The County appealed to the United States Supreme Court. The Court granted certiorari "to address the question of whether Federal, State, and Local governments must pay money damages to a landowner whose property allegedly has been 'taken' temporarily by the application of government regulations." Id. at 185. The court, however, did not address this issue because it found that the controversy was not yet ripe. Id. at 186.

The Court found the matter was not ripe for two reasons. First, the property owner had not sought variances that may have allowed him to develop the property as he sought. Id. at 187-88. Second, and more important for our analysis, the property owner had not sought "compensation through the procedures the State provided for doing so." Id. at 194. The Court explained as follows: "If the government has provided an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the Government for a taking. . . . Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied

just compensation." Id. at 194-95 (internal citations, quotation marks and brackets omitted). Under Tennessee eminent domain law, the owner could bring an inverse condemnation action to obtain just compensation. Id. at 196. The landowner had not availed himself of this procedure, therefore the taking claim was premature, or in other words, not ripe for disposition. Id. at 197. Thus, a claim of a Just Compensation Clause violation is not ripe and cannot be made until the property owner has unsuccessfully attempted to obtain just compensation through the procedures the State provides for obtaining such compensation.

Instantly, plaintiff alleges that the defendant acted according to the Pennsylvania Oil and Gas Act, 58 PA. CONS. STAT. ANN. § 3201, *et seq.* Plaintiff specifically alleges in Count XIV of the complaint as follows:

> To the extent that the Defendant claims the right to store natural gas in or under the Plaintiff's real property pursuant to the eminent domain provisions of the Pennsylvania Oil and Gas Act, 58 P.S. § [3241], or pursuant to any other law of this Commonwealth or any law of the United States, such claim would constitute a taking without compensation in violation of the Fifth Amendment of the United States Constitution in that the Defendant has not compensated the Plaintiff for such appropriation.

(Compl. ¶ 54). Pennsylvania, however, has an Eminent Domain Code, providing for inverse condemnation procedures through which landowners may seek just compensation. Plaintiff has not sought relief against the defendant under the Pennsylvania Eminent Domain Code. Thus, his federal "taking" cause of action is not yet ripe.

Plaintiff argues that the claim is ripe because the Federal Energy Regulatory Agency (hereinafter "FERC") authorized the underground storage

7

facilities to have a buffer zone and authorized the exercise of eminent domain for the buffer zones. Plaintiff makes no claims about FERC in his complaint and only raises this issue in his brief. Regardless, reliance on FERC to support federal jurisdiction in the instant case is futile. If he seeks to challenge a ruling by FERC, the proper procedure is to file an application for rehearing with the FERC or appeal to the appropriate Court of Appeals, rather than filing suit in District Court. See 15 U.S.C. §§ 717r(a), 717r(b); Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement, Nos. 08-168, 08-169, 08-177, and 08-180, 2008 WL 4346405, at *4 (W.D. Pa. Sept. 19, 2008).

Accordingly, based upon all of the above, the court finds that plaintiff's "taking" claim is not ripe, and we do not have jurisdiction over plaintiff's federal law cause of action. Count XIV will thus be dismissed. All the remaining claims in plaintiff's complaint are based on Pennsylvania state law. This court may decline to exercise supplemental jurisdiction over state law claims if we dismiss all claims over which we have original jurisdiction. 28 U.S.C. § 1367(c)(3). Where litigation is in its early stages and the complaint asserts federal question jurisdiction, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). Such is the situation here, and we will decline to exercise supplemental jurisdiction. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT ALLEN FAY, | : | No. 3:12cv627 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UGI UTILITIES/CENTRAL PENN GAS, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 24th day of September 2012, the defendant's motion to dismiss (Doc. 5) is hereby **GRANTED** with respect to Count XIV as that claim is unripe. The court declines to exercise supplemental jurisdiction over the remaining state law claims; thus, this case is dismissed without prejudice. The Clerk of Court is directed to close this case.

**BY THE COURT:**

  s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**